Evan J. Smith
BRODSKY & SMITH, LLC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160
esmith@brodsky-smith.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSE SLOAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTECH NITROGEN PARTNERS, LP; MICHAEL S. BURKE; JOHN H. DIESCH; JAMES F. DIETZ; KEITH B. FORMAN; MICHAEL F. RAY; RENTECH NITROGEN GP, LLC; CVR PARTNERS, LP; LUX MERGER SUB 1, LLC; AND LUX MERGER SUB 2, LLC,<br><br>Defendants. | Case No. 2:15-cv-07818-GW-MRW<br><br>Assigned To The Honorable George H. Wu<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF EVAN J. SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER GRANTING: (1) APPROVAL OF APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL; (2) FINAL APPROVAL OF PROPOSED SETTLEMENT AND CLASS CERTIFICATION; AND (3) FINAL CERTIFICATION OF SETTLEMENT CLASS AND MOTION FOR ORDER GRANTING APPROVAL OF AWARD OF ATTORNEYS' FEES**<br>Date: October 6, 2016<br>Time: 8:30 a.m.<br>Place: Courtroom 10 |

I, Evan J. Smith, declare as follows:

1. I am a partner with the law firm of Brodsky & Smith, LLC, counsel for Plaintiff Jesse Sloan and Proposed Class Counsel. I am fully familiar with all the facts and circumstances described herein.

2. I submit this declaration in support of Plaintiff's Motion for an Order granting: (1) approval of appointment of class representative and class counsel; (2) final approval of proposed settlement and class certification; and (3) final certification of settlement class, as well as Plaintiff's Motion for an Order granting approval of Award of Attorneys' Fees.

3. If approved, the Settlement will resolve the above-captioned action ("California Action") and the action captioned *Mustard v. Burke, et al.,* Case No. 11446-CB, pending in the Court of Chancery of the State of Delaware (the "Delaware Action", and with the California Action, the "Actions").

4. The Actions were brought on behalf of the public unitholders of Rentech Nitrogen Partners, LP ("Rentech Nitrogen" or the "Company") to enjoin the proposed acquisition of Rentech Nitrogen by Lux Merger Sub 1 LLC, Lux Merger Sub 2 LLC, CVR Partners, LP ("CVR Partners") for 1.04 common units and $2.57 in cash for each Rentech Nitrogen common unit. The Defendants in the Actions are Rentech Nitrogen, Rentech Nitrogen GP, LLC, CVR Partners, Michael S. Burke, John H. Diesch, James F. Dietz, Keith B. Forman, and Michael F. Ray ("Defendants").

5. The purpose of this declaration is to present to the Court a detailed factual background of the various events and efforts of Plaintiff's Counsel surrounding this litigation in order to assist the Court in evaluating the fairness and reasonableness of the proposed Settlement, and the reasonableness of Plaintiff's Counsel's application for attorneys' fees and reimbursement of expenses. The facts

and circumstances set forth in this declaration are principally derived from the pleadings and proceedings in the Actions, Plaintiff's Counsel's review of relevant documents filed and produced in this litigation, and the knowledge and experience Plaintiff's Counsel gained from their involvement in and prosecution of this litigation.

## I. STATEMENT OF FACTS

6. On August 9, 2015, Rentech Nitrogen announced that it had entered into an agreement and plan of merger (the "Merger Agreement"), pursuant to which CVR Partners will acquire Rentech Nitrogen for 1.04 common units and $2.57 in cash, without interest, for each Rentech Nitrogen common unit (the "Merger").

7. On August 28, 2015, Mike Mustard filed the Delaware Action in the Court of Chancery of the State of Delaware, entitled *Mustard v. Burke, et al.*, Case No. 11446-CB. The Delaware Action alleged that Defendants breached and/or aided and abetted the breach of their fiduciary duties to Rentech unitholders by seeking to sell Rentech through an allegedly unfair process and allegedly for an unfair price and on unfair terms.

8. On September 17, 2015, CVR Partners filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC.

9. On October 6, 2015, Jesse Sloan filed the California Action in this Court, entitled *Sloan v. Rentech Nitrogen Partners, LP, et al.*, Case No. 2:15-cv-07818-GW-MRW. The California Action alleged that Defendants breached and/or aided and abetted the breach of their fiduciary duties to Rentech unitholders by seeking to sell Rentech through an allegedly unfair process and allegedly for an unfair price and on unfair terms.

10. The Actions were filed on behalf of the public unitholders of Rentech Nitrogen and sought, among other things, equitable relief that would enjoin the

consummation of the Merger, damages, and attorneys' fees and costs.

11. On November 5, 2015, the Parties entered into a stipulated confidentiality agreement, which was entered by the Court on November 6, 2015. Pursuant to agreement reached between the Parties, Defendants produced, and Plaintiff Sloan reviewed, nearly 8,000 pages of confidential non-public documents. Plaintiff Sloan also reviewed publicly available documents, including Rentech Nitrogen's SEC filings, trading history, and news reports.

12. On November 18, 2015, Plaintiff's counsel conducted the deposition of Dan Cohrs, Rentech Nitrogen's Chief Financial Officer. On December 1, 2015, Plaintiff's counsel conducted the deposition of Richard Robinson, a representative of Morgan Stanley, the financial adviser to Rentech Nitrogen in connection with the Merger. Plaintiff's counsel also conferred with a financial expert engaged for the purposes of analyzing the Merger, the fairness of the Merger, and the adequacy of the disclosures made by Defendants in connection with soliciting the votes of the Company's unitholders on the Merger.

13. Plaintiff's Counsel and counsel for Defendants in the Actions engaged in extensive arms' length negotiations concerning Plaintiff's claims and the possible settlement of the Actions. As a result of such negotiations, on February 1, 2016, the Parties entered into a Memorandum of Understanding (the "MOU") containing the terms for the Parties' agreement-in-principle to resolve the Actions.

14. Pursuant to the terms of the MOU, Defendants produced and Plaintiff reviewed additional confidential non-public documents relating to the Merger. In consideration for the MOU, and in order to achieve a resolution of the Actions, on February 2, 2016, Rentech Nitrogen filed with the SEC a Form 8k, which included certain supplemental information ("Supplemental Disclosures") that were required by the MOU and that Plaintiff's Counsel asserted during settlement negotiations

should be subject of supplemental disclosures by Rentech Nitrogen. A copy of the 8-K showing the Supplemental Disclosures to which the Parties agreed in settlement of the Actions is attached as Exhibit A to the Stipulation, which is attached hereto as Exhibit 1. Plaintiffs' Counsel proposed, reviewed, commented on, and approved the Supplemental Disclosures. Defendants acknowledge that the pendency of the Actions and the efforts of Plaintiffs' Counsel were the sole cause for the dissemination of the Supplemental Disclosures.

15. On February 15, 2016, at a special meeting of Rentech Nitrogen's unitholders, the unitholders voted to adopt the Merger. The Merger was thereafter consummated on April 1, 2016.

## II. THE STIPULATION OF SETTLEMENT

16. On May 16, 2016, the parties to the Actions entered into a Stipulation of Settlement ("Stipulation"), memorializing in full the terms of the Settlement.

17. After Plaintiff's Counsel assured themselves that the terms of the proposed Settlement were fair and reasonable, the parties exchanged numerous drafts of the Stipulation and various related documents, including the notice to class members and the proposed Order and Final Judgment.

18. The Stipulation was filed with the Court on May 17, 2016.

19. The Stipulation contained a proposed form of notice by which class members would be advised of the background and terms of the proposed Settlement. The Notice, as revised on June 30, 2016, informs class members of, *inter alia:*

a. the background and history of the litigation and settlement negotiations;
b. the nature of the claims asserted;
c. the terms of the settlement as consideration for the release of claims contemplated thereby and the amount of Plaintiff's Counsel's fee request; and

d. the time and place of the settlement hearing and the procedures that class members must follow if they wish to appear and object, or otherwise be heard at the hearing.

20. The Notice also states, contingent upon Court approval of the proposed Settlement, Plaintiff's Counsel will apply at the settlement hearing for an award of attorneys' fees and expenses not to exceed $550,000. The parties have not reached an agreement on fees. As set forth further below, Plaintiff is applying for an award of $400,000 in attorneys' fees and unreimbursed expenses of $37,021.56. This represents a modest 1.15 multiplier off of the lodestar of $347,711.25.

21. The parties moved for preliminary approval of the Settlement on May 17, 2016 (Dkts. 27-30) and on request of the Court, filed a supplemental brief requesting preliminary approval on June 30, 2016 (Dkt. 35).

22. On July 7, 2016, the Court entered an order preliminarily approving the settlement and providing for notice ("Preliminary Approval Order"). The Preliminary Approval Order directed that the Notice be given to the Class, which was defined as: all record and beneficial owners of Rentech Nitrogen common units who owned or held Rentech Nitrogen common units at any time during the period beginning on August 9, 2015 through April 1, 2016, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. (the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person.

23. Pursuant to the Preliminary Approval Order, copies of the Notice were

mailed to members of the Class. Objections to the Settlement are due to be filed with the Court by September 22, 2016, ten days prior to the October 6, 2016 final approval hearing.

24. As of this time, Plaintiff's Counsel is unaware of any unitholder objections to the Settlement or fee request, and none have been filed with the Court.[1]

## III. PLAINTIFF'S COUNSEL'S FEE APPLICATION

25. Contingent upon Court approval of the Settlement, Plaintiff's Counsel seek an award of attorneys' fees of $400,000 and unreimbursed expenses of $37,021.56. This represents a modest multiplier of 1.15 off of the lodestar of $347,711.25. Plaintiff's Counsel believe that the request is fair and reasonable under the standards applicable in this Court and the relevant facts of the case. There have been no objections by any Class member to the Settlement or to Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses.

26. The record shows that Plaintiff and counsel were direct material causal factors in producing the enhanced consideration for the members of the Class. Plaintiff's Counsel have expended significant time, effort, and resources in the diligent and successful prosecution of the Actions and settlement negotiations as described herein.

27. In consideration with this litigation, Plaintiffs' Counsel have expended over 530 hours for a lodestar of $347,711.25 and have incurred expenses of $37,012.56. The services provided by Plaintiff's Counsel have included pre-suit investigation of the relevant facts and transactions; drafting of motions, and pleadings; research on the applicable law to formulate both litigation and negotiation strategies; extensive consultation with Plaintiff's financial advisor regarding complex valuation, industry-related and financial issues relating to the litigation and

[1] Plaintiff's Counsel will provide the Court with an update following the September 22, 2016 deadline as to whether any objections are ultimately received.

settlement negotiations; conducting successful settlement negotiations with Defendants; review and analysis of voluminous and complex documents. In the view of Plaintiff's Counsel, all these efforts were necessary and reasonable in connection with the prosecution of the Action. At all relevant times, Plaintiff's Counsel have coordinated their efforts to proceed as efficiently as possible and avoid unnecessary duplication of efforts.

28. Plaintiff's Counsel respectfully submits that the fee request is fair and reasonable, based on, among other things, the Supplemental Disclosures, the prosecution of Plaintiff's claims on a contingent fee basis and the quality of the services rendered in pursuing and resolving the complex claims asserted by Plaintiff and his counsel, including the investigation and analysis of the underlying facts and successful negotiations with Defendants' counsel.

29. I respectfully submit that the requested award of attorneys' fees and expenses are both fair and reasonable and fully merit the Court's approval.

## IV. EXHIBITS

30. Exhibit 1 is a true and correct copy of the Stipulation and Agreement of Compromise and Settlement and attached exhibits, dated May 16, 2016 and filed with the Court on May 17, 2016 (Dkt. 27-2).

31. Exhibit 2 is a true and correct copy of the Declaration of M. Travis Keath in support of Plaintiff's Motion for Preliminary Approval of Settlement, filed with the Court on June 30, 2016 (Dkt. 36).

32. Exhibit 3 is a true and correct copy of Plaintiff's Supplemental Memorandum of Points and Authorities in Further Support of Unopposed Motion for Preliminary Approval of Settlement, filed with the Court on June 30, 2016 (Dkt. 35).

33. Exhibit 4 is a true and correct copy of portions of the deposition

transcript of Richard H.M. Robinson, dated December 1, 2015.

34. Exhibit 5 is a true and correct copy of portions of the deposition transcript of Dan Cohrs, dated November 18, 2015.

35. Exhibit 6 is a true and correct copy of the Brodsky & Smith, LLC declaration in support of the settlement and the requested award of attorneys' fees and expenses, including an attached true and correct copy of the firm resume of Brodsky & Smith, LLC.

36. Exhibit 7 is a true and correct copy of the Levi & Korsinsky LLP declaration in support of the settlement and requested award of attorneys' fees and expenses, including an attached true and correct copy of the firm resume of Levi & Korsinsky LLP.

37. Exhibit 8 is a true and correct copy of *Nichting v. DPL, Inc.*, No. 3:11-cv-141 (S.D. Ohio Feb. 24, 2012).

38. Exhibit 9 is a true and correct copy of *Collier v. Brightpoint, Inc. et al.*, No. 1:12-cv-01016 (S.D. Ind. May 1, 2013).

39. Exhibit 10 is a true and correct copy of *Denney v. Wallace et. al.*, No. 2:10-cv-01154 (W.D. Pa. Aug 31, 2010).

40. Exhibit 11 is a true and correct copy of *In re Schering-Plough/Merck Merger Litig.*, 2010 U.S. Dist. LEXIS 29121 (D.N.J. Mar. 25, 2010).

41. Exhibit 12 is the proposed form of Final Judgment and Order.

42. Exhibit 13 is a true and correct copy of an 8-K filed by Rentech Nitrogen on August 10, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of September, 2016, at Bala Cynwyd, Pennsylvania.

Evan J. Smith