UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE SLOAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENTECH NITROGEN PARTNERS, LP; MICHAEL S. BURKE; JOHN H. DIESCH; JAMES F. DIETZ; KEITH B. FORMAN; MICHAEL F. RAY; RENTECH NITROGEN GP, LLC; CVR PARTNERS, LP; LUX MERGER SUB 1, LLC; AND LUX MERGER SUB 2, LLC,<br><br>Defendants. | Case No. CV 15-7818-GW(MRWx)<br><br>Assigned To The Honorable George H. Wu<br><br>CLASS ACTION<br><br>**FINAL ORDER AND JUDGMENT** |

**ORDER AND FINAL JUDGMENT**

On this 6th day of October, 2016, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation and Agreement of Compromise and Settlement, dated May 16, 2016 (the "Stipulation" or the "Settlement Agreement"), the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted herein; and whether an order and final judgment should be entered in the above-captioned consolidated class action (the

"Action"); and the Court having considered all matters submitted to it at the hearing and otherwise and pursuant to the Tentative Ruling issued on October 6, 2016;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The mailing of the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") pursuant to and in the manner prescribed in the Scheduling Order on Approval of Class Action Settlement and Class Certification entered on July 7, 2016 (the "Scheduling Order"), which was mailed by first class mail beginning on July 20, 2016, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Federal Rule of Civil Procedure 23 ("FRCP 23"), the requirements of due process, and applicable law. It is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2. The Court finds that the Action is a proper class action pursuant to FRCP 23(a) and 23(b)(1) and hereby certifies the Class as consisting of:

> All record and beneficial owners of Rentech Nitrogen Partners, LP ("Rentech Nitrogen") common units who owned or held Rentech Nitrogen common units at any time during the period beginning on August 9, 2015 through April 1, 2016, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them (the "Class," to be composed of "Class Members"). Excluded from the Class are Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person. For purposes of the Settlement only, the Action shall be certified as a non-opt-out class action pursuant to FRCP 23.

3. Specifically, the Court finds that the Class satisfies the numerosity requirement of FRCP 23(a)(1) and the commonality requirement of FRCP 23(a)(2). As of August 10, 2015, there were over 38 million public units of Rentech Nitrogen ("Units") issued and outstanding that comprise the Class. There are common issues of fact and law sufficient to satisfy FRCP 23, including whether the disclosures made by Rentech Nitrogen in connection with the Proposed Acquisition were adequate, whether the individual defendants breached their fiduciary duties to Class Members, and whether the plaintiffs in this Action ("Plaintiffs'') and Class Members were injured as a consequence of the Defendants' actions. The claims of Plaintiff Jesse Sloan (the

"representative plaintiff") are typical of the claims of absent members of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying FRCP 23.  The representative plaintiff and his counsel is an adequate representative of the Class, and the representative plaintiff is hereby appointed as the Class Representative.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants, and, as a practical matter, the disposition of this Action will influence the disposition of any pending or future identical cases brought by other members of the Class; and there were allegations that defendants acted or refused to act on grounds generally applicable to the Class.

4. The Settlement of this Action as provided for in the Stipulation is approved as fair, reasonable and adequate, and in the best interests of Plaintiffs and the Class.

5. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment.

6. In addition to the terms defined above, the following terms shall have the following meanings:

    a. "Released Claims" means all known and Unknown Claims (defined below) of every nature and description whatsoever against any of the Released Parties (defined below), that have been, could have been, or in the future can or might be asserted by Plaintiffs or any member of the Class in their capacity as unitholders, in any forum or proceeding, including class, derivative, individual, or other claims, whether state, federal, or foreign, common law, statutory, or regulatory, including, without limitation, claims under the federal securities or antitrust laws, arising out of, related to, or concerning (i) the Merger, the Merger Agreement, or any element, term, or condition of the Merger or the Merger Agreement, (ii) the Defendants' consideration, evaluation, or approval of the Merger, (iii) the disclosures or any public filings, periodic reports, press releases, proxy statements, or other statements issued, made

available, filed, or otherwise disclosed or communicated related to the Merger, including any amendments thereto, (iv) any unitholder vote on the Merger, (v) the consideration offered, paid, or received by any Released Person or Class member in connection with the Merger, (vi) payments to the Company's directors and executive officers in connection with the Merger, (vii) any alleged aiding and abetting of any of the foregoing, and (viii) any fees, costs, or expenses incurred in prosecuting, defending, or settling the Actions (other than any award pursuant to Paragraph 8 hereof); provided, however, that the Released Claims shall not include the right to enforce this Stipulation or the Settlement.

b.  "Released Parties" means Defendants and their respective predecessors, successors in interest, parents, subsidiaries, affiliates, representatives, agents, trustees, executors, heirs, spouses, marital communities, assigns, or transferees and any person or entity acting for or on behalf of any of them and each of them, and each of their predecessors, successors-in-interest, parents, subsidiaries, affiliates, representatives, agents, trustees, executors, heirs, spouses, marital communities, assigns, or transferees and any person or entity acting for or on behalf of any of them and each of them (including, without limitation, any investment bankers, accountants, insurers, reinsurers, or attorneys and any past, present, or future officers, directors, and employees of any of them).

c.  "Unknown Claims" means any claim that Plaintiffs or any other member of the Class do not know or suspect exist in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement. With respect to any of the Released Claims, the Parties stipulate and agree that upon final approval of the Settlement, Plaintiffs shall expressly, and each member of the Class shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code §1542 or any

law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiffs, and, by operation of law, the members of the Class, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement Agreement.

7.   Plaintiffs and all Class Members, and their respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors, and assigns, hereby fully, finally and forever release, settle and discharge the Released Parties from and with respect to the Released Claims, and are forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any Released Claims against any of the Released Parties (the "Release of Defendants"); provided, however, that the Release of Defendants does not include Plaintiffs' and Plaintiffs' Counsel's rights to enforce the Settlement.

8.   Defendants hereby fully, finally, and forever release, settle and discharge Plaintiffs, Class Members and Plaintiffs' Counsel from any and all claims arising out of or relating to their filing, prosecution, settlement or resolution of the Action (the "Release of

1  Plaintiffs"); provided, however, that the Release of Plaintiffs shall not include Defendants' rights
2  to enforce the Settlement.
3      9.    The Stipulation and all negotiations, discussions and proceedings in connection
4  with the Stipulation, shall not constitute any evidence, or an admission by any of the Defendants,
5  Plaintiffs or Released Parties, that any acts of wrongdoing have been committed or not been
6  committed and shall not be deemed to create any inference that there is any liability or lack of
7  liability on the part of any of the Defendants or Released Parties. The Stipulation and all
8  negotiations, discussions and proceedings in connection with the Stipulation, shall not be offered
9  or received in evidence or used for any other purpose in this or any other proceeding in any
10 court, administrative agency, arbitration forum, or other tribunal other than as may be necessary
11 to enforce the terms of the Stipulation; provided, however, that the Stipulation and/or Judgment
12 may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to
13 argue that the Stipulation and/or Judgment has res judicata, collateral estoppel or other issue or
14 claim preclusion effect or to otherwise consummate or enforce the Settlement or Judgment.
15     10.   California Plaintiff's Counsel's request for attorneys' fees and expenses in
16 connection with the Action, will be decided after the execution of this judgment. No counsel
17 representing any Plaintiff in the Action shall make any further or additional application for fees
18 and expenses to the Court or any other court.
19     11.   Judgment is hereby entered as to any and all claims or obligations that were or
20 could have been asserted in the Action against the Defendants.
21     12.   If the Effective Date does not occur, this Order and Final Judgment shall be
22 rendered null and void and shall be vacated and, in such event, all orders entered and releases
23 delivered in connection herewith except for paragraphs 10 and 11 of the Stipulation, which shall
24 survive any such termination or vacatur, shall be null and void; the parties returned, without
25 prejudice in any way, to their respective litigation positions immediately prior to the execution of
26 the MOU.
27     13.   The binding effect of this Order and Final Judgment and the obligations of
28 Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the

resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

Dated: October 6, 2016

BY THE COURT:

*/s/ George H. Wu*

GEORGE H. WU, U.S. District Judge